UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN ANTHONY KING,<br><br>Petitioner,<br><br>v.<br><br>U.S. BUREAU OF PRISONS, and<br>CHARLES GILKEY, Warden,<br><br>Respondents. | 1:05-cv-00369-OWW-TAG-HC<br><br>ORDER REQUIRING RESPONDENT TO FILE RESPONSE<br><br>ORDER SETTING BRIEFING SCHEDULE<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS |

Petitioner is a federal prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). A petitioner filing a petition for writ of

habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. <u>Brown</u>, 610 F.2d at 677.

The Petitioner in this case is challenging the calculation of his good time credits pursuant to 18 U.S.C. § 3626(b). Petitioner is presently confined at California City Correctional Center, in California City, California, which is located within the jurisdiction of this Court. <u>See</u> <u>U.S. v. Giddings</u>, 740 F.2d 770, 772 (9th Cir.1984). Thus, his Petition for Writ of Habeas Corpus is proper under § 2241.

The Court has conducted a preliminary review of the Petition for Writ of Habeas Corpus. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases,[1] the Court HEREBY ORDERS:

1. Respondent MUST FILE an ANSWER addressing the merits of the Petition within **NINETY (90)** days of the date of service of this order. Respondent must include with the response any and all transcripts or other documents relevant to the resolution of the issues presented in the Petition. Rule 5 of the Rules Governing Section 2254 Cases. The Court recognizes that counsel on behalf of the government and the Institution[2] may wish to respond on separate issues raised in the Petition. However, the Court will accept only one (1) "Answer." Such Answer must contain all argument with respect to all of the issues raised in the Petition, whether formulated by counsel for the government or the Institution.

2. Respondent must file a Notice of Appearance within **THIRTY (30)** days of the date of service of this Order. The Notice must indicate the name of the individual(s) who will be representing the government and/or the Institution. The Notice is necessary to ensure that the appropriate counsel for Respondent(s) is/are

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. <u>See</u>, Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

[2] Counsel for the "Institution" means counsel representing the Warden at California City Correctional Center (Corrections Corporation of America).

1         being served by the Court. The parties' submission of the Notice of Appearance

2         will terminate service on the individuals set forth in paragraph 4.

3     3.     Petitioner's Traverse, if any, is due on or before **THIRTY (30)** days from the date

4         Respondent's Answer is filed; and

5     4.     The Clerk of the Court is DIRECTED to serve a copy of this Order along with a

6         copy of Petitioner's Petition and all exhibits, on the United States Attorney for the

7         Eastern District of California, an agent for the appropriate correctional institution,

8         and the United States Bureau of Prisons.

10 IT IS SO ORDERED.

11 **Dated:**   **August 17, 2005**                 /s/ Theresa A. Goldner
j6eb3d                                         UNITED STATES MAGISTRATE JUDGE