1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8

NORMAN ANTHONY KING,

9

Petitioner,

10

11        v.

12

U.S. BUREAU OF PRISONS, and
CHARLES GILKEY, Warden,

13

14                Respondents.

15

)    1:05-cv-00369-OWW-TAG-HC
)
)    ORDER DENYING PETITIONER'S MOTION
)    FOR STAY OF EXECUTION AND RELEASE
)    ON BAIL PENDING DECISION
)    (Doc. 7)
)
)
)
)
)
)
)
)
)

16        Petitioner is a federal prisoner proceeding pro se with a Petition for Writ of Habeas

17   Corpus pursuant to 28 U.S.C. § 2241.

18        The instant petition, challenging the calculation of Petitioner's good time credits pursuant

19   to 18 U.S.C. § 3626(b), was filed on March 21, 2005.  (Doc. 1).  On August 18, 2005, the Court

20   ordered Respondent to file an opposition to the petition.  (Doc. 6).  On August 26, 2005,

21   Petitioner filed the instant motion, requesting immediate issuance of a "stay of execution" of his

22   sentence and an order releasing Petitioner on security of bond pending adjudication of the merits

23   of his petition.  (Doc. 7).   The basis for Petitioner's motion is that, by his calculation, he should

24   be released from custody of the Bureau of Prisons ("BOP") on September 19, 2005; however,

25   because of the BOP's interpretation of  § 3626(b), he was not scheduled to be released until

26   November 29, 2005.  (Doc. 7, p. 1).  Thus, Petitioner alleged that the Court's order requiring

27   Respondent to file a response within ninety days would delay any adjudication on the merits until

28   long after the date Petitioner argues is his correct release date.  (Id.).

1

<u>DISCUSSION</u>

Initially, the Court notes that the Ninth Circuit has not yet determined whether the district court has the authority to release a state prisoner on bail pending resolution of a habeas proceeding. <u>In re Roe</u>, 257 F.3d 1077, 1079-1080 (9th Cir. 2001.)  However, even assuming a district court has this power, the exercise of such authority is reserved for extraordinary cases. <u>Id.</u>, 257 F.3d at 1080; <u>see also</u> <u>United States v. Mett</u>, 41 F.3d 1281, 1282 (9th Cir. 1994) (bail pending the resolution of a habeas corpus petition filed in a district court is reserved to "extraordinary cases involving special circumstances" and where there is a high probability of the petitioner's success).  A petitioner must demonstrate some circumstance that makes him exceptional and especially deserving of such special treatment in the interests of justice.  <u>See</u> <u>Aronson v. May</u>, 85 S.Ct. 3, 5 (1964) (Douglas, Justice, in chambers); <u>Benson v. California</u>, 328 F.2d 159, 162 (9th Cir. 1964).  In addition to these factors, the Court must take into consideration the petitioner's risk of flight and the danger to the community should he be released.  <u>See</u> <u>Marino v. Vasquez</u>, 812 F.2d 499, 508-09 (9th Cir. 1987).

The Court has reviewed Petitioner's arguments for his release and concludes that they do not meet the above requirements.  First, Petitioner fails to show that there is a "high probability" that his claim will succeed.  The Court as yet has not had an opportunity to conduct a thorough review of the merits of Petitioner's claim, and, of course, any determination as to the eventual success of Petitioner's claim must await such a review.  The Court notes, however, that the Ninth Circuit Court of Appeals has indicated that "even if we found that the allegations in his petition for habeas corpus made out a clear case for his release...[,] [s]omething more than that is required before we would be justified in granting bail." <u>Benson v. California</u>, 328 F.2d 159, 162 (9th Cir. 1964).  Based upon Respondent's answer, which cites numerous decisions of the Ninth Circuit, the controlling authority for this Court, rejecting Petitioner's interpretation of § 3626(b), there is serious doubt that his claim will prevail.

Second, even assuming, arguendo, that Petitioner will prevail on the merits of his claim, he has not shown any other special circumstances are present that would justify the setting of bail.  Although Petitioner does indicate that any delay will in essence make the 71-day

differential between Petitioner's interpretation of credits earned and that of BOP, Petitioner has only himself to blame for this predicament.  He indicated in his motion that he had argued "this issue administratively for over 3 years...." (Doc. 7, p. 1).  Had Petitioner proceeded with greater diligence, his habeas corpus petition could have been filed earlier, i.e., at a time when the Court's review of the merits had the potential to afford him real relief.  Standing alone, his claim of potential mootness does not constitute an "extraordinary circumstance" justifying release on bail.

Third, Respondent's discussion of the procedural history of Petitioner's case indicates that he is a substantial flight risk.  Petitioner lived in Canada after release from federal prison in 1991 and later fled to Mexico before being apprehended on the charges for which he is now imprisoned.  Petitioner's convictions are for various types of fraud, which cast further doubt on his integrity and veracity.  (Doc. 9).

Considering all of the foregoing factors, the Court concludes that Petitioner has failed to make a showing that he satisfies the requisite "exceptional" circumstances for granting bail in the instant case.

## ORDER

Accordingly, it is HEREBY ORDERED that Petitioner's Motion Requesting a Stay of Execution of Sentence And Release On Bail Bond Pending Court's Decision In This Matter (Doc. 7), is hereby DENIED.

IT IS SO ORDERED.

Dated:   **March 20, 2006**                              **/s/ Theresa A. Goldner**
**j6eb3d**                                                   UNITED STATES MAGISTRATE JUDGE