UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN KING, ) | 1:05-cv-00369-OWW-TAG HC |
| Petitioner, ) | |
| ) | REPORT AND RECOMMENDATION TO |
| v. ) | DISMISS PETITION FOR FAILURE TO |
| ) | PROSECUTE |
| U.S. BUREAU OF PRISONS and ) | (Doc. 1) |
| CHARLES GILKEY, Warden, ) | |
| Respondents. ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On August 18, 2005, the Court ordered Respondents to file an answer. (Doc. 6). On August 26, 2005, Petitioner filed a motion to stay execution of his sentence and for release on bail pending disposition of this case. (Doc. 7). On November 8, 2005, Respondents filed an opposition. (Doc. 9). On March 21, 2006, the Court denied the motion for stay of execution. (Doc. 11). A copy of that order was sent to Petitioner but was returned as "undeliverable" by the U.S. Postal Service. (Doc. 12).

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

1  In the instant case, more than sixty days have passed since Petitioner's mail was returned and
2  he has not notified the Court of a current address.  Moreover, the Court's cursory review of the
3  Bureau of Prisons' records indicates that Petitioner was released from federal custody in November
4  2005.
5  In determining whether to dismiss an action for lack of prosecution, the Court must consider
6  several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to
7  manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring
8  disposition of cases on their merits; and (5) the availability of less drastic alternatives.  <u>Henderson v.</u>
9  <u>Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986); <u>Carey v. King</u>, 856 F.2d 1439 (9th Cir. 1988).
10  The Court finds that the public's interest in expeditiously resolving this litigation and the
11  Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending for
12  since March 25, 2005.  The Court cannot hold this case in abeyance indefinitely based on Petitioner's
13  failure to notify the Court of his address.  The third factor, risk of prejudice to respondents, also
14  weighs in favor of dismissal, since a presumption of injury arises from the occurrence of
15  unreasonable delay in prosecuting an action.  <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir.
16  1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly
17  outweighed by the factors in favor of dismissal discussed herein.  Finally, given the Court's inability
18  to communicate with Petitioner based on Petitioner's failure to keep the Court apprised of his current
19  address, no lesser sanction is feasible.

20  **RECOMMENDATION**

21  Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed without
22  prejudice for Petitioner's failure to prosecute.
23  This Report and Recommendation is submitted to the United States District Judge assigned
24  to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local
25  Rules of Practice for the United States District Court, Eastern District of California.  Within thirty
26  (30) days after being served with a copy, any party may file written objections with the Court and
27  serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's
28  Report and Recommendation."  Replies to the objections shall be served and filed within ten (10)

1 court days (plus three days if served by mail) after service of the objections. The Court will then
2 review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised
3 that failure to file objections within the specified time may waive the right to appeal the District
4 Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6 IT IS SO ORDERED.

7 Dated: **July 18, 2006**        /s/ Theresa A. Goldner
  **j6eb3d**                      UNITED STATES MAGISTRATE JUDGE